```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

RICHARD NASH,                     :
    Petitioner,           :     NO. 1:07-cr-00002
                          :         1:08-cv-00620
                          :
v.                                :     **OPINION AND ORDER**
                          :
                          :
UNITED STATES OF AMERICA,         :
    Respondent.           :
                          :
                          :

This matter is before the Court on the Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255 (doc. 32), the United States' Response thereto (doc. 38), and Petitioner's Reply to the United States' Response to his Motion (doc. 41). For the reasons indicated herein, the Court DENIES Petitioner's Motion.

On August 26, 2006, Cincinnati Police Department ("CPD") stopped Petitioner for a traffic violation (doc. 16). As CPD approached the vehicle, they saw Petitioner bend toward the floor of the vehicle, and they also smelled a strong smell of marijuana emanating from inside the vehicle (Id.). A subsequent search of the vehicle disclosed a marijuana cigar in an ashtray inside the vehicle, and a loaded semi-automatic pistol partially concealed under Petitioner's seat (Id.). Petitioner claimed he had no knowledge of the gun's presence in the vehicle; however a conversation between Petitioner and an unknown party was recorded on the police cruiser's Mobile Video Recorder in which Petitioner

stated "Call BoBo - I got my gun in the car - I think they found my gun" (Id.).

The government charged Petitioner with knowing and unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (doc. 2). Ultimately, a federal grand jury issued a three count indictment alleging: (1) possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (2) possession of a firearm with removed or obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B); and (3) forfeiture of the semi-automatic pistol pursuant to 18 U.S.C. §§ 922(g)(1), (9) and 924(d)(1), and 28 U.S.C. § 2461 (doc. 3). Petitioner entered a plea of guilty to Count One of the Indictment pursuant to a plea agreement (doc. 16). On August 28, 2007, the Court sentenced Petitioner to 90 months in jail, 3 years supervised release, and a $100 general assessment (doc. 28).

Petitioner filed the present motion pursuant to 28 U.S.C. § 2255 on September 12, 2008, requesting that the Court order a new evidentiary hearing, a re-sentencing hearing, and/or a chance to file a direct appeal on three grounds (doc. 32). In Ground One, Petitioner claims that his counsel at sentencing failed to object to his sentence under § 2K2.1(b)(4)(B) of the Sentencing Guidelines ("Guidelines"), which provides that if a firearm in an offense has an altered or obliterated serial number, a four level enhancement applies (Id.). In addition, Petitioner claims that the fact that

this Court sentenced him pursuant to § 1B1.11(b) of the Guidelines - the most current edition of the Guidelines - had an impermissible ex post facto effect on him (Id.). In Ground Two, Petitioner asserts that his counsel rendered ineffective assistance of counsel by failing to object and file a direct appeal to the enhancement of his sentence (Id.). Finally, in Ground Three, Petitioner argues that his counsel failed to review his Pre-Sentence Report ("PSR") with him prior to sentencing, which constituted ineffective assistance of counsel as well (Id.).

The government filed its Memorandum in Opposition to the Petitioner's Motion on November 6, 2008 (doc. 38). Concerning Ground One, the government first argues that Petitioner procedurally defaulted because he could have raised his issue on appeal, but did not (doc. 32). In addition, the government argues that this Court's use of the most current edition of the Guidelines did not amount to an Ex Post Facto violation per United States v. Duane, 533 F.3d 441 (6th Cir. 2008) and United States v. Demaree, 459 F.3d 791 (7th Cir. 2006) (Id.). In response to Ground Two, the government alleges that Petitioner's claim that his attorney failed to object to the enhancement was without merit because Petitioner's attorney specifically objected to the use of the current Guidelines in a letter to the U.S. Probation Officer preparing the PSR (Id.). Concerning Ground Three, the government disputes Petitioner's argument that his attorney failed to review the PSR with him, citing an excerpt from a colloquy between the Court, Petitioner and

counsel which clearly demonstrated that Petitioner was aware of the PSR (Id.). Finally, the government argues that even if Petitioner's counsel failed to object to the use of the current Guidelines for sentencing, this failure would not demonstrate ineffecitve assistance of counsel per Strickland v. Washington, 466 U.S. 668 (1984) because counsel's actions did not fall below an objective standard of reasonableness, and regardless, the outcome of the case would not have been any different (Id.).

Petitioner filed a Reply on December 22, 2008 in which he concedes that Grounds Two and Three of his § 2255 Motion lacked merit and should be dismissed (doc. 41). Therefore, the only issue before this Court is Petitioner's argument that his attorney rendered ineffective assistance of counsel when he failed to object to the PSR's recommendation that Petitioner's offense level be increased by four levels under § 2K2.1(b)(4)(B) of the 2006 version of the Guidelines, as opposed to two levels under § 2K2.1(b)(4) per the 2005 version of the Guidelines (Id.). First, in response to the government's claim that he had procedurally defaulted by failing to raise his claim on appeal, Petitioner alleges that his claim nonetheless presented a valid case of ineffective assistance of counsel, and thus could overcome any procedural default (Id.). Second, Petitioner distinguishes the facts of the present case from the facts of the two cases, Duane and Demaree, used by the government in its argument that using the most current edition of the Guidelines did not amount to an Ex Post Facto violation (Id.).

Concerning Duane, Petitioner alleges that the case was inapplicable to the present case because the facts were too different (Id.). In regard to the Seventh Circuit's decision in Demaree, Petitioner argues that the Sixth Circuit had rejected its conclusion in Michael v. Ghee, 498 F.3d 372 (6th Cir. 2007) (Id.).

While this Court finds that Petitioner has successfully distinguished its case from the two cases set forth by the government for the proposition that using the most current edition of the Guidelines does not amount to an Ex Post Facto violation, the Court nonetheless finds the United States' positions well-taken. While Petitioner could have raised his claims on appeal, he failed to do so, and as a result, he has procedurally defaulted on these claims. In addition, by signing his Plea Agreement (doc. 16), Petitioner waived his appellate rights under 18 U.S.C. § 3742. "Once the defendant's chance to appeal has been waived or exhausted," the courts "are entitled to presume that [the defendant] stands fairly and finally convicted." For this reason, "a collateral challenge may not do service for an appeal" United States v. Frady, 456 U.S. 152, 164-165 (1982).

Further, the Court finds that Petitioner fails to show that his counsel's conduct during trial negatively impacted the proceedings or rendered the counsel's assistance inadequate. Petitioner does not meet the high standard found in Strickland to prove ineffective assistance of counsel because Petitioner's counsel acted in an objectively reasonable manner and even assuming

counsel failed to object to the PSR, the outcome of the case would have been no different. The "threshold issue is not whether [defendant's] counsel was inadequate, rather it is whether he was so manifestly ineffective that defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.3d 222, 229 (6th Cir. 1992).

For the foregoing reasons, the Court DENIES Petitioner's Motion to Vacate (doc. 32), and DISMISSES this case from the Court's docket. Further, the Court DECLINES to issue a certificate of appealability because the Court does not find that Petitioner has demonstrated "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983) (internal quotations omitted). Further, pursuant to 28 U.S.C. § 1915(a)(3), this Court CERTIFIES that any appeal of this Order will not be taken in good faith, and any application to appeal in forma pauperis will be denied. Finally, this Court wishes to commend Petitioner for his efforts in setting forth a well researched and written argument.

SO ORDERED.

Dated: February 3, 2009    /s/ S. Arthur Spiegel
                           S. Arthur Spiegel
                           United States Senior District Judge